UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN GARRETT GREEN,
     Plaintiff,

v.                                                                  Case No.: 3:26cv1733/TKW/ZCB

FLORIDA DEPARTMENT
OF REVENUE, et al.,
     Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This civil rights case is before the Court on Plaintiff's motion for a temporary restraining order.  (Doc. 3).  For the reasons below, the motion should be denied.

## I.  Plaintiff's Allegations

Plaintiff is a party to child support proceedings in state court.[1] Plaintiff has not paid his child support and, as a result, his driver's license is being suspended on March 16, 2026.  Plaintiff claims the state court is not holding an emergency hearing on the suspension until April 1, 2026—fifteen days after the suspension takes effect.  In this action,

---

[1] *See Green v. Green*, 2020 DR 000287 (Escambia Cnty. Cir. Ct.).

Plaintiff is suing the Florida Department of Revenue and five of its employees regarding the impending suspension.

In the motion for a temporary restraining order, Plaintiff argues imminent irreparable harm will occur if his license is suspended on March 16, 2026, without a prior hearing because his wife is a disabled veteran who relies on Plaintiff for transportation to medical appointments. Plaintiff also argues his claims are meritorious and that the balance of harms and public interest weigh in favor of enjoining the license suspension. (Doc. 3 at 2-4; Doc. 3-1 at 2-4).

## II. Discussion

To receive a temporary restraining order, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the restraining order is not granted; (3) the threatened injury to the movant outweighs any injury the proposed restraining order might cause the opposing party; and (4) the restraining order would not disserve the public interest.[2] *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020).

---

[2] The "four criteria for obtaining a preliminary injunction are identical to those for issuance of a temporary restraining order." *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010).

"[F]ailure to meet even one" of the four requirements justifies denial of the requested relief. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016).

Here, Plaintiff has not met the irreparable injury requirement. To the extent that Plaintiff argues that his wife will miss medical appointments if he is unable to drive her to the appointments, that is insufficient to show that *he* will suffer irreparable harm. *See Oviedo Med. Ctr., LLC v. Adventis Health Sys./Sunbelt, Inc.*, 2020 WL 4218276, at *2 (M.D. Fla. Apr. 28, 2020) ("While certainly distressing, Plaintiff has not cited any authority for the proposition that potential harm to third parties can support a finding of irreparable harm to Plaintiff." (collecting cases)); *see also Flowers Indus. v. F.T.C.*, 849 F.2d 551, 552 (11th Cir. 1988) ("One prerequisite to the issuance of a preliminary injunction is that *the movant* will suffer irreparable injury without the injunction." (emphasis added)). Furthermore, Plaintiff's delay in seeking relief cuts against his argument of irreparable harm. The Eleventh Circuit has explained that the "very idea" of preliminary relief is "premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits." *Wreal, LLC*, 840 F.3d at 1248. A

3

"party's failure to act with speed or urgency in moving for" relief "necessarily undermines a finding of irreparable harm." *Id.*

Here, Plaintiff learned about the March 16, 2026, license suspension on January 15, 2026. (Doc. 1 at 3). But Plaintiff waited until March 10, 2026—almost two months later and on the eve of the suspension—to seek emergency relief in this Court. This delay "militates against a finding of irreparable harm." *Wreal, LLC*, 840 F.3d at 1248; *see also Fla. Dep't of Educ. Div. of Blind Servs. v. United States By & Through Carter*, No. 3:15cv203, 2015 WL 13387584, at *1 (N.D. Fla. Apr. 30, 2015) ("The timing of the motion is inconsistent with, and undercuts, the threat of immediate injury. DBS was aware that the Air Force awarded a food services contract to Acorn Food Services on April 8, 2015 and also that DBS's contract was set to expire on April 30. DBS initiated arbitration proceeding on April 24; however, this action was not filed until April 29, the day before its contract was set to expire. The Court will not issue an ex parte temporary restraining order where it is evident the plaintiff was aware of the impending harm well before the motion was filed.").

Because Plaintiff has not met his burden to clearly show immediate and irreparable harm to himself, his motion should be denied on that basis alone. *See Siegel v. LePore*, 234 F.3d 1163, 1175-76 (11th Cir. 2000) (en banc) (noting a lack of irreparable injury alone is sufficient to justify denying preliminary injunctive relief").

Although a lack of irreparable injury is sufficient to deny Plaintiff's motion, Plaintiff also has not shown a substantial likelihood of success on the merits. Plaintiff asserts due process, equal protection, and access to court claims. (Doc. 3 at 3-4). But it does not appear as though these claims have a substantial likelihood of success on the merits.

First, Plaintiff has no substantive due process right to a driver's license. *See Burlison v. Rogers*, 311 F. App'x 207, 208 (11th Cir. 2008) ("When the right at stake—here, possession of a driver's license—is a right created only by state law, it is not a right that gives rise to substantive due process protection under the Due Process Clause.").

Second, the Eleventh Circuit and this Court have both rejected procedural due process claims in similar situations.[3] *See Burlison*, 311

---

[3] Plaintiff admits he was given twenty days after being notified of the suspension to address it. (Doc. 1 at 3).

F. App'x at 208-09 (rejecting procedural due process challenge to driver's license suspension where the plaintiff was provided with advance notice of the suspension and informed that he could request an administrative hearing to challenge the suspension); *see also Barney v. Biegalski*, No. 3:18cv620, 2019 WL 1245863, at *3 (N.D. Fla. Feb. 12, 2019) ("Regardless of the procedures required by state law, plaintiff cannot establish a due process violation based on defendants' failure to hold a pre-suspension hearing addressing his ability to pay child support."), *adopted*, 2019 WL 1245147 (N.D. Fla. Mar. 18, 2019).

Third, Plaintiff's complaint and motion do not identify any similarly situated comparator who was treated differently from Plaintiff.  Thus, he is unlikely to prevail on his Fourteenth Amendment equal protection claim.  *See Moore v. Fla. Dep't of Revenue*, No. 3:25CV817, 2025 WL 3646608, at *3 (N.D. Fla. June 30, 2025) (rejecting equal protection challenge to threatened license suspension because no similarly situated individual was identified); *see also Himes v. DeSantis*, 2020 WL 7074527, at *2 (M.D. Fla. Dec. 3, 2020) (dismissing equal protection claims related to child support license suspension where the plaintiff "failed to allege any facts to support such a claim").

Fourth, even if Defendants did somehow violate Fla. Stat. § 61.13016(3)(a), such a violation is not actionable under 42 U.S.C. § 1983. *See Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) ("While the violation of state law may (or may not) give rise to a state tort claim, it is not enough by itself to support a claim under section 1983.").

Lastly, Plaintiff's access to courts claim does not have a substantial likelihood of success. That is true first because Plaintiff has failed to show that he has been denied access to the state courts. And second, he has failed to show that he has a colorable underlying claim for which he has sought and been denied access to the courts. *See Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1266 (11th Cir. 2012) ("[A] litigant asserting an access claim must also prove that he has a colorable underlying claim for which he seeks relief.").

Because Plaintiff has failed to show either irreparable injury or a substantial likelihood of success on the merits, his motion for temporary restraining order should be denied.

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order (Doc. 3) be **DENIED**.

At Pensacola, Florida this 13 day of March 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.