**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JONATHAN GARRETT GREEN,**

> **Plaintiff,**

**v.**                                                    **Case No.  3:26-cv-1733-TKW-ZCB**

**FLORIDA DEPARTMENT OF
REVENUE, et al.,**

> **Defendants.**

_____/

## <u>ORDER</u>

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 6) and Plaintiff's objections (Doc. 8).  The Court reviewed the issues raised in the objections de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that Plaintiff's motion for a temporary restraining order should be denied.

None of the arguments in the objections persuade the Court that any of Plaintiff's claims are likely to succeed on the merits or that Plaintiff will suffer irreparable harm if a TRO is not issued.[1]  Moreover, although Plaintiff faults the

---

[1] In the interest of a prompt ruling on the objections (and the underlying TRO motion), the Court sees no reason to separately address each of the "nine [alleged] reversible errors" raised in the objections.  Suffice it to say, the Court is not persuaded that any of the alleged errors (if they

magistrate judge for not addressing the "Catch-22" that Plaintiff is allegedly facing because one state agency (DOR) is prohibiting him from driving while another state agency (DCF) is effectively requiring him to drive himself and family members to psychological examinations or face termination of his parental rights, the exhibits submitted by Plaintiff refute that claim because they show that DCF has arranged transportation so Plaintiff will not need to drive. *See* Doc. 10 at 104 (text message from "Amber DCF," stating "I've gotten all 3 of you a ride on your day.  She will pick you guys up on your days at 9 am.").

**ORDERED** that:

1.  The magistrate judge's R&R is adopted and incorporated by reference in this Order.

2.  Plaintiff's motion for a temporary restraining order (Doc. 3) is DENIED.

3.  This case is returned to the magistrate judge for further pretrial proceedings, including consideration of Plaintiff's motion for appointment of

---

are errors) undermine the conclusion that Plaintiff has not his burden to obtain a TRO.  For example, even if is true that Plaintiff did not learn about the impending driver's license suspension until February 18 (rather than January 15), that does not help Plaintiff because he still waited almost three weeks—and until only six days before the suspension was to take effect—to file this action and seek a TRO, and under the circumstances, that delay still "militates against a finding of irreparable harm."  Doc. 6 at 4 (quoting *Wreal, LLC v. Amazon, Inc.*, 840 F.3d 1240, 1248 (11th Cir. 2016)).

counsel (Doc. 7), motion to file exhibits under seal (Doc. 9),[2] and his various requests for accommodations (Doc. 8 at 1–2).

**DONE AND ORDERED** this 23rd day of March, 2026.

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

[2]  The Court considered the redacted exhibits (Doc. 8) as part of its review of Plaintiff's objections, and for purposes of that review, the Court accepted Plaintiff's characterization of what the redacted information showed.